James C. CLIFTON, Charles and Lorrie Cranor, husband and wife, and Roy Simmons and Mary Lisa Meier, husband and wife

v.

ALLEGHENY COUNTY.

Kenneth Pierce and Stephanie Beechaum

v.

Allegheny County, Pennsylvania, Daniel Onorato, its Chief Executive, and Deborah Bunn, its Chief Assessment Officer.

Appeal of: Kenneth Pierce and Stephanie Beechaum.

Commonwealth Court of Pennsylvania.

Argued April 6, 2011.

Decided June 2, 2011.

---

608

Kevin Lewis Quisenberry, Pittsburgh, for appellants.

John A. Mulroy, Pittsburgh, for appellees.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and PELLEGRINI, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BROBSON, Judge, and BUTLER, Judge.

OPINION BY Judge McGINLEY.

Kenneth Pierce and Stephanie Beechaum (Appellants) filed an action to obtain relief from Allegheny County's indefinite use of a base year for the taxation of their real property. Appellants alleged that the Pennsylvania laws that had authorized the indefinite use of a base year violated both the Uniformity Clause of the Pennsylvania Constitution and the Equal Protection Clause of the United States Constitution. They challenged the constitutionality of these laws both facially and as applied by Allegheny County in the Court of Common Pleas of Allegheny County (trial court).

Appellants prevailed before the trial court, which on June 6, 2007, entered an order and declared that the provisions of Pennsylvania's assessment laws [1] that authorized counties to assess values by using base year market values without the requirement of periodic reassessments violated the Uniformity Clause. They also prevailed on appeal before the Pennsylvania Supreme Court:

> In *Clifton v. Allegheny Co.* [600 Pa. 662], 969 A.2d 1197 (Pa.2009) [2], the Pennsylvania Supreme Court reversed my ruling that provisions of the General County Assessment Law and the Second Class County Assessment Law which allow a county to arrive at assessed value by using a base year market value violate the Uniformity Clause of the Pennsylvania Constitution.[3]

The Court stated that it was not prepared to hold the statutory base year provisions facially unconstitutional because a statute is facially unconstitution-

---

1. When referring generally to "assessment laws," we are referring to the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §§ 5020–101 to 5020–602, and the Second Class County Assessment Law, Act of June 21, 1939, P.L. 626, *as amended*, 72 P.S. §§ 5452.1–5452.20.

2. References to *Clifton v. Allegheny County* include *Pierce v. Allegheny County* which was consolidated with *Clifton* for purposes of trial and disposition.

3. Pa. Const. Art. VIII § 1.

al only where no set of circumstances exists under which the statute would be valid. The assessment legislation was not facially unconstitutional because it did not prohibit a taxing authority from conducting periodic assessments to "update" the base year. Furthermore, it may be shown that in some counties property values remained relatively unchanged or the values had the same rate of change.

While the Court held that the assessment legislation permitting the use of a base year is not unconstitutional on its face, the Court also stated that the Uniformity Clause does not tolerate the substantial inequities that inevitably result from the prolonged use of base year assessment values in a county where property values have changed at divergent rates.

Trial court opinion, July 1, 2010, at 4–5.

After remand, as directed by the Supreme Court, the trial court directed the County to conduct a county-wide reassessment, effective in tax year 2012. The trial court declined to award counsel fees to Appellants. Rather, it held that 42 U.S.C. § 1983 was unavailable in the Pennsylvania courts as a remedy for violations of the Federal Equal Protection Clause in controversies that involved state taxation, and, therefore, there was no basis for counsel fees pursuant to 42 U.S.C. § 1988, because a cause of action in equity is available in Pennsylvania to obtain relief under the Pennsylvania Uniformity Clause. The trial court relied upon the U.S. Supreme Court's decision in *National Private Truck Council, Inc. v. Oklahoma Tax Commission*, 515 U.S. 582, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995).

Appellants advance the following issues upon appeal:

Whether under the circumstances of this case *National Private Truck* barred the availability of 42 U.S.C. § 1983 as a remedy for the Equal Protection violation when:

A. As a matter of Federal law, including under *National Private Truck,* the availability of state equity jurisdiction does not bar the availability of federal remedies in state court;

B. The remedies at law in PA were unavailable or ineffectual under the circumstances of this case;

C. The Pennsylvania remedies permit prospective-only equitable relief without a clear and certain retrospective legal remedy; and

D. The Pennsylvania remedies do not provide a fee shifting mechanism for prevailing parties, which Congress has determined necessary for the protection of Federal rights in certain circumstances, as those presented in this case.

Because the Honorable R. Stanton Wettick ably disposed of these issues in his comprehensive opinion, this Court shall affirm on the basis of *Kenneth Pierce and Stephanie Beechaum v. Allegheny County, Pennsylvania, Daniel Onorato, it's Chief Executive, and Deborah Bunn, its Chief Assessment Officer,* Court of Common Pleas of Allegheny County, No. GD05–028355 (filed June 30, 2010).

Judge McCULLOUGH did not participate in the decision in this case.

### ORDER

AND NOW, this 2nd day of June, 2011, the order of the Court of Common Pleas of Allegheny County is affirmed.